# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| Derry T. Gardner and,<br>Kimberly D. Gardner,<br><br>    Plaintiffs,<br><br>v.<br><br>Forest River, Inc. and,<br>Wagon Trail RV, LLC,<br><br>    Defendants. | Civil Case No: 5:17-cv-018-RCL |

## MEMORANDUM OPINION

Before the Court is Defendant Wagon Trail RV's Motion to Dismiss Pursuant to Federal Rule of Procedure 12(b)(2), filed January 13, 2017, and Defendants' Motion to Dismiss Pursuant to Federal Rules of Procedure 12(b)(6) and 9(b), filed April 21, 2017. Having considered the motions, responses, replies, exhibits, filings, and applicable law, the Court denies the Motion to Dismiss Pursuant to Federal Rule of Procedure 12(b)(2), but grants the Motion to Dismiss Pursuant to Federal Rules of Procedure 12(b)(6) and 9(b).

## I. BACKGROUND

The Gardners, plaintiffs, purchased a Dynamax DX3 (a motor home) from Wagon Trail RV in January 2015. Pl.'s Original Pet. 5, ECF No. 1-1. Wagon Trail is a motor home dealer in Las Vegas, and one of the few dealers in the United States that sells the Dynamax DX3, which is manufactured by Forest River, Inc. *Id.* The Gardners arranged for the purchase beforehand via email and phone, as they did when purchasing an earlier motor home from Wagon Trail. *Id.* When

1

the Gardners traveled from San Antonio to Las Vegas to pick up the vehicle, several items were not operational or functional: the entry door into the compartment, the electronic keypad locking mechanism, the lights on the inside steps leading outward, and there was a leak in the shower. *Id.* at 5–6. The leak in the shower eventually warped the kitchen floor, which was discovered a few months later during a trip to Austin, Texas, during which the refrigerator and freezer were not operating properly. *Id.* at 6.

The following February, the Gardners drove the motor home to Forest River's facility in Elkhart, Indiana to fix the floor. *Id.* During the repair, Forest River discovered that the entire underside of the rig was in an advanced stage of rusting. *Id.* Three weeks later, Forest River returned the motor home to the plaintiffs, and told them the floor was fixed and the rusting area was re-coated. *Id.* During a trip in July 2016, the ice and water mechanism on the refrigerator door stopped working, along with both the forward and rear air conditioning units and the floor began to warp again. *Id.* at 6–7. The following month, the right "slide" came out completely on its own, which rendered the vehicle inoperable until a repair person could tend to it 48 hours later. *Id.* at 7.

Plaintiffs claim that from February 2015, to August 2016, they continually communicated these issues to Wagon Trail, who advised plaintiffs to contact Forest River for assistance. *Id.*

Plaintiffs bring this action against defendants, alleging that they engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practice - Consumer Protection Act. TEX. BUS. & COMM. CODE §17.41 *et. seq. Id.* at 7–9. Specifically, the plaintiffs allege violations of Sections 17.45(5), 17.46(b), and 17.50(a)(2) of the Texas Business and Commerce Code. *Id.* Plaintiffs sue for economic and actual damages, as well as damages for mental anguish, sustained as a result of these actions. *Id.* at 10–12.

2

Plaintiffs filed this action on December 9. 2016, in the 131st Judicial District Court of Bexar County, Texas. Defendant Forest River, Inc., removed the case to this Court on January 11, 2017, with consent of co-defendant Wagon Trail RV, LLC. Defendant Wagon Trail filed a Motion to Dismiss for Lack of Jurisdiction on January 13, 2017. Defendants filed a Joint Motion to Dismiss for Failure to State a Claim on April 21, 2017.

## II. LEGAL STANDARDS

Defendant Wagon Trail moves to dismiss for lack of jurisdiction pursuant to Rule 12(b)(2), and defendants jointly move to dismiss under Rules 12(b)(6) and 9(b) for failure to state a claim.

### a. 12(b)(2) Standard

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the district court's jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644,648 (5th Cir. 1994). A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Texas' long-arm statute has been found to extend to the utmost limits of due process, and therefore the Court must determine whether subjecting nonresident defendants to suit in Texas would be consistent with the Fourteenth Amendment. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999); *See also Electrosource Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999).

The due process clause is satisfied when it is established that (1) the nonresident defendant has purposefully availed itself of the benefits and protections of the forum state by establishing

3

"minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945).

Minimum contacts are established through contacts which give rise to either specific jurisdiction or general jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984). A forum state has general jurisdiction over a nonresident defendants if the defendant's contacts with the forum state are "continuous and systematic." *Helicopteros*, 466 U.S. at 414–15. If the defendant's contacts with the forum state are not sufficient to support general jurisdiction, specific jurisdiction may apply. The Fifth Circuit applies a three-part test to determine whether the exercise of specific jurisdiction is appropriate and consistent with the due process clause, considering (1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of those contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *See Nuovo Pignone, PsA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King*, 471 U.S. at 474).

If minimum contacts are found, the Court must then determine whether the exercise of jurisdiction is in keeping with "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. A defendant that purposefully directed its activities at forum residents must present a compelling case that the exercise of jurisdiction would be unreasonable given the circumstances. *Burger King*, 471 U.S. at 477.

### b. 12(b)(6) Standard

The Federal Rules of Civil Procedure require that a complaint "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, the complaint must plead facts that allow for a reasonable inference of liability. *Id.* at 678. The facts, taken as true and construed in the light most favorable to the plaintiff, must raise the right to relief above speculation. *Twombly*, 550 U.S. at 555 (2006).

### c. 9(b) Standard

The Federal Rules of Civil Procedure require that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FRCP 9(b). Under this standard, the Fifth Circuit requires that a plaintiff "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997).

## III. JURISDICTION

Defendant Wagon Trail claims that the plaintiff has failed to adequately demonstrate personal jurisdiction. Def's Mot. to Dismiss for Lack of Personal Jurisdiction 2-3, ECF No. 4. Wagon Trail is a Nevada-based corporation, and therefore a non-resident corporation of Texas. The plaintiff has presented no evidence that Wagon Trail specifically targets Texas or utilizes the Texas market in a systematic or continuous way. The exchange of emails submitted into evidence in plaintiffs' response outlines an exchange between plaintiffs and Wagon Trail that is specific to this particular business dealing, but does not represent systematic business contacts with Texas. The contacts via email and telephone that the plaintiff cites are insufficient to support general

5

jurisdiction, and therefore this Court may not exercise general jurisdiction over defendant Wagon Trail.

Defendant Wagon Trail goes on to claim that the plaintiffs have also failed to adequately demonstrate specific jurisdiction. While Wagon Trail's contacts with Texas, through emails, phone calls, and the purchase of the motor home, do not constitute systematic general business contacts, they do establish sufficient minimum contacts with Texas. Minimum contacts are established with a state if the defendant, as a result of contact with the forum state, "should reasonably anticipate being haled into court there." *Burger King*, 471 U.S. at 474. By agreeing to sell a motor home that it knew would be used in Texas, Wagon Trail reasonably should have anticipated that any breach of warranty or contract might subject it to suit in Texas.

Further, on their website Wagon Trail proudly declares that, "We know people will cross states to get the best deal possible on a new RV," in the text of a prominent page describing a program whereby Wagon Trail will fly people from around the country to Las Vegas in order to facilitate their purchase of a motor home. *Buy And Fly | Wagon Trail RV*, Wagon Trail RV, http://www.wagontrailrv.com/unique-program--buy-and-fly (last visited May 30, 2017). This program seems to be the process by which the plaintiffs purchased the motor home which is the subject of this action. The fact that Wagon Trail knew the plaintiffs would be travelling from Texas to purchase the motor home and returning to Texas with the motor home highlights that Wagon Trail could reasonably anticipate being haled into court here. For Wagon Trail to conduct a program of this nature and then claim that it did not reasonably anticipate litigation in a state whose residents participated in that program is fundamentally nonsensical.

Defendant argues that its contact with the forum is insufficient due to the ruling in *Walden v. Fiore*, which states that minimum contacts analysis looks to "the defendant's contacts with the

forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). While this analysis might preclude the exercise of personal jurisdiction in a state where plaintiffs never brought the motor home, the *Walden* ruling goes on to clarify that, "physical entry into the State . . . in person or through an agent, goods, mail, or some other means—is certainly a relevant contact." *Id.* at 1122. Wagon Trail sold their goods knowing that they would be operated in Texas, and even went so far as to locate a certified maintenance facility in Texas when the vehicle began to malfunction. Wagon Trail cannot facilitate that purchase by arranging for the plaintiffs' travel from Texas to Nevada, provide those services, and then maintain that their contact was with the plaintiffs only. Wagon Trail's contacts with the plaintiffs, as well as the reasonably anticipated entry and operation of their goods in Texas, sufficiently establish minimum contacts. Thus, the first factor of specific jurisdiction is satisfied.

Further, defendant's characterization of its website as a passive advertisement does not appropriately reflect its level of interactability. The defendant states that while the "website did allow those in Texas to contact the owner via email, the site lacked other forms of interactivity that would confer jurisdiction." Def's Reply in Supp. of Its Mot. to Dismiss Pls.' State Ct. Pet. for Lack of Personal Jurisdiction 2-3, ECF No. 7. This statement is simply not true. The website provides links for a person to schedule a test drive, secure financing, get a pricing quote, get a purported value for a trade-in vehicle, make service requests, and leave comments for both the sales and marketing departments. The site's level of interactivity goes beyond passive advertisement.

The second factor of specific jurisdiction is whether the plaintiffs' cause of action arises out of those contacts. Given that the contacts dealt with the sale and subsequent operation of the vehicle, and the action arises out of the plaintiffs' claim of deception and fraud in the selling process as evidenced by the malfunctions of the vehicle during its subsequent operation, the actions

are sufficiently established as giving rise to the claims brought in this case. This satisfies the second arm of the test.

The third factor of specific jurisdiction is whether the exercise of personal jurisdiction is fair and reasonable. Having demonstrated that the defendant has minimum contacts with the forum state, and that the cause of action arises out of those contacts, "the burden shifts to the defendant to show that an exercise of jurisdiction would be unfair." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). In their motion, defendant Wagon Trail presented no argument that an exercise of jurisdiction would be unfair, instead resting their argument solely on the lack of sufficient minimum contacts. However, this Court has disposed of that argument above. Therefore, the defendant has not met its burden, and the third arm of the test is satisfied.

Because all three factors are satisfied, this Court finds that specific jurisdiction is properly exercised with regards to defendant Wagon Trail RV, and the defendant's Motion to Dismiss for Lack of Jurisdiction will be denied. This Court will therefore address the defendants' Motion to Dismiss for Failure to State a Claim.

## IV. EXCLUSION OF PLAINTIFFS' CLAIMS BROUGHT UNDER THE TEXAS DTPA

The first argument brought forth in the Defendants' Motion to Dismiss for Failure to State a Claim is that the plaintiffs' DTPA claims brought against defendant Wagon Trail, the motor home dealer, should be dismissed because the purchase of the motor home was an exempt transaction under the DTPA. The DTPA does not apply "to a claim arising out of a written contract if: (1) the contract relates to a transaction, a project, or a set of transactions related to the same project involving total consideration by the consumer of more than $100,000; (2) in negotiating the contract the consumer is represented by legal counsel who is not directly or indirectly

identified, suggested, or selected by the defendant or an agent of the defendant; and (3) the contract does not involve the consumer's residence." TEX. BUS. & COM. CODE § 17.49(f). The DTPA defines consumer as "an individual, partnership, corporation, this state, or a subdivision or agency of this state." TEX. BUS. & COMM. CODE § 17.45(4). The Court finds that plaintiff's purchase of a motor home falls within this statutory exclusion.

In order to determine whether the total consideration of the plaintiff exceeds $100,000, the Court applies an approach looking forward from the time of contract, as "applying an ex ante approach rather than an ex post one allows parties to a contract to know with certainty whether their contract will fit within coverage of the DTPA." *Space Maker Designs, Inc. v. Weldon F. Stump & Co.*, 2003 WL 21414726 *2 (N.D. Tex. June 16, 2003). The plaintiffs knew that they were involved in a transaction which required consideration on their part of nearly $250,000, as evidenced by the Motor Vehicle Purchase Agreement/Bill of Sale. Affidavit of Plaintiff Derry T. Gardner 8, ECF No. 6-2.

The plaintiffs argue that their DTPA claims against Wagon Trail did not, in fact, arise from this transaction, but as a result of Wagon Trail's later acts and omissions. However, it is well settled that actions under the DTPA must arise from a transaction, since the DTPA is "designed to protect consumers from any deceptive trade practices *made in connection with* the purchase or leader of any goods or services." *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644–649 (Tex. 1996) (quoting *Cameron v. Terrell & Garret, Inc.*, 618 S.W.2d 535, 541 (Tex. 1981). Given that the only transaction between Wagon Trail and the plaintiffs in the record is the sale of the motorhome, the DTPA claims must arise from that transaction in order to be actionable at all. Further, it is equally well settled that "repairs relate back to the original purchase and [are] a continuation of that transaction." *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 352 (Tex.

9

1987). Based on the foregoing, this Court finds that the purchase of the motor home and the claims against defendant Wagon Trail arising from that purchase satisfy the first element of the exclusion.

In response to the second element, plaintiffs seem to argue that because Kimberly Gardner, as an attorney, did not represent herself as an attorney until well after the purchase that the exclusion should not apply. Pls.' Opp'n & Resp. to Defs.' Mot. to Dismiss 4-5, ECF No. 12. Plaintiffs also admit that Kimberly Gardner was "actively involved in the negotiations involving the purchase, financing, contracting, and delivery of the motorhome," but argue that in this instance her status as an attorney should not be considered since she was acting as a consumer. *Id.* at 2 (quoting Defs.' Mot. to Dismiss 2-3, ECF No. 11).

If the Court accepts the plaintiffs' argument that one cannot act as both consumer and attorney, it would drastically expand the scope of this exclusion. Further, this Court finds it difficult to believe that, while negotiating a contract for a purchase of nearly $250,000, the plaintiffs neither benefited from nor relied upon Kimberly Gardner's legal knowledge, regardless of whether or not she presented herself as an attorney during negotiations. Based on the foregoing, this Court finds that the plaintiffs' were represented by legal counsel who was not directly or indirectly identified, suggested, or selected by the defendant or an agent of the defendant. Therefore, the purchase of the motor home and the claims against Wagon Trail arising from that purchase satisfy the second element of the exclusion.

Finally, the plaintiffs present no argument that this motor home is their residence, so this Court finds that the purchase of the motor home and the claims against Wagon Trail arising from that purchase satisfy the third element of the exclusion.

Based on the foregoing, the Court finds that the plaintiffs' claims brought under the DTPA against defendant Wagon Trail fall outside of the scope of the statute. Therefore, plaintiffs fail to state a claim upon which relief can be granted, and the claims brought under the DTPA against defendant Wagon Trail should be dismissed.

The plaintiffs' DTPA claims against defendant Forest River, however, do not satisfy the first element of the exclusion, as there is no discussion in the record of the cost or payment of repairs provided. Therefore, those DTPA claims will be examined below as part of the Defendants' Motion to Dismiss for Failure to State a Claim.

## V. FRAUD-BASED CLAIMS

The causes that remain to be addressed are the DTPA claim and the common law fraud claim brought against defendant Forest River, and the common law fraud claim brought against defendant Wagon Trail. Defendants argue that dismissal is proper because the plaintiffs' complaint failed to meet the heightened pleading requirements of Rule 9(b), while plaintiffs argue that there is no precedent which requires common law fraud to satisfy those requirements. Pls.' Opp'n & Resp. to Defs.' Mot. to Dismiss 7.[1] It is settled in this Court that both common law fraud and violations of the DTPA are subject to the heightened pleading requirements of Rule 9(b). *See Sinkin v. Pons*, 2014 WL 12488583, at *7 (W.D. Tex. Sept. 16, 2014) (Lamberth, J.).

With regards to the claims against defendant Forest River, the plaintiffs allege that they "engaged in certain false, misleading and deceptive acts, practices and/or omissions." Pls.' Original Pet. 6. Nowhere in their pleading do the plaintiffs designate which claims are being

---

[1] Plaintiffs also seem to argue that if Rule 9 applies to their fraud-based claims, they "should be granted leave to amend the petition." Pls.' Opp'n & Resp. to Defs.' Mot. to Dismiss 7–8. The Court addresses this alternative argument below.

11

brought against which defendant, but allege these claims generally against "Defendants." *Id.* Regardless, in addition to common law fraud, the plaintiffs allege the following violations of the DTPA: (1) unconscionable action or course of action as defined in Section 17.45(5); (2) five different violations of Section 17.46(b); and (3) breach of the implied warranties of fitness for a particular purpose, good and workmanlike performance, and merchantability as actionable under Section 17.50(a)(2). *Id.* at 7-9.

The plaintiffs' interaction with defendant Forest River was limited in comparison to their contact with Wagon Trail. The original petition states that, after several months of communication with Forest River, the motor home was driven to the manufacturing facility in Indiana in order for the floor to be fixed. *Id.* at 6. Forest River additionally indicated to the plaintiffs that there was a serious rusting issue, and after three weeks Forest River "represented to Plaintiffs that the floor was fixed and all the rusting area was re-coated." *Id.* at 6. Approximately five months later plaintiff claims that the "supposedly fixed floor began to warp again." *Id.* at 7. These facts adequately represent the entirety of plaintiffs' relationship with Forest River as presented in the original petition. The plaintiff does not specify which of the nine separate allegations of fraud apply to this particular interaction.

Of the Fifth Circuit's requirements of specificity, as enumerated in *Williams*, the plaintiffs only claim that one of the statements by Forest River was made "approximately three weeks" after "the end of February 16, 2016." *Id.* at 6. Plaintiffs offer no information as to the location or speaker of that particular statement, or why it was fraudulent, and indeed the plaintiffs do not indicate anywhere in their complaint that this is the statement contended to be fraudulent. Based on the foregoing, this Court finds that none of the plaintiffs' claims against defendant Forest River meet the heightened pleading standards as set forth in Rule 9(b), and therefore should be dismissed.

12

The plaintiffs' claims of common law fraud against defendant Wagon Trail, as established above, are also subject to the heightened pleading requirements of Rule 9(b). The only potential statements that the plaintiffs attribute to Wagon Trail in their complaint are the statements made during the "several months of communicating . . . as to who could fix the floor," and that "Wagon Trail advised Plaintiffs that Plaintiffs should contact the manufacturer Forest River for assistance." *Id.* at 6-7. The plaintiffs do not identify a speaker, location, or specific time for either statement. The plaintiffs do not explain why either statement was fraudulent, or even identify either statement as one of the fraudulent statements for which the plaintiffs seek relief. The Court cannot reasonably state that a claim based upon a fraudulent statement was sufficiently pled if the plaintiffs did not even include a specific statement in their complaint. Based on the foregoing, this Court finds that the plaintiffs' claims against defendant Wagon Trail for common law fraud do not meet the heightened pleading standards as set forth in Rule 9(b), and therefore should be dismissed.

## VI.   LEAVE TO AMEND

Finally, as noted above, plaintiffs argue that if their fraud-based claims are improperly plead under Rule 9, they should be granted leave to amend their pleadings. Indeed, the Federal Rules of Civil Procedure instruct that a "court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). "In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Notably, plaintiffs here have not filed a motion for leave amend their pleadings under Rule 15, and have instead argued in the alternative that they should be given the opportunity to amend their pleadings if this Court determines the pleadings are deficient. For the reasons discussed above, the Court finds the pleadings here deficient. In light of the plaintiffs' failure to submit a proposed amended complaint or to even request leave to file such a document, this Court will dismiss the case. However, the Court cannot say that the defects in plaintiffs' pleadings are incurable.

Therefore, while the case will be dismissed for failure to state a claim under Rule 12(b)(6), the Court will allow plaintiffs to submit a motion for leave to file an amended complaint within fourteen (14) days. Upon review of the proposed amended complaint, the Court will reinstate the case if the above identified defects are cured and leave to file is granted.

## VII. CONCLUSION

In conclusion, the Court finds that personal jurisdiction exists. However, the Court finds that plaintiffs' DTPA claims brought against defendant Wagon Trail are statutorily exempt. Further, the Court finds that plaintiffs' fraud-based claims against both defendants failed to rise to the heightened pleading standard set forth in Rule 9(b). The plaintiffs' complaint failed to explain why any statement was fraudulent, and failed to indicate which statements were contended to be fraudulent. Accordingly, the plaintiffs have failed state a claim upon which relief may be given, and defendants are entitled to dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

The case will be dismissed. However, plaintiffs will be given fourteen (14) days to submit a motion for leave to file an amended complaint correcting the pleading defects outlined above.

A separate order shall issue.

/s/ Royce C. Lamberth
Royce C. Lamberth
United States District Judge

DATE: 7/5/17